**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY ASHLEY WHEELER, | No. 11-55733 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-01034-JST-OP |
| v. | |
| TINA HORNBECK, Warden; JERRY BROWN, The Attorney General of the State of California, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted August 29, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

Petitioner Mary Ashley Wheeler appeals the district court's denial of her

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. She

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argues that the California state court unreasonably applied clearly established federal law by denying her habeas petition. Her petition is based on an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984).

The state court reasonably applied *Strickland* in concluding that the performance of Wheeler's counsel was not deficient. Wheeler has produced no evidence to overcome the presumption that her counsel adequately considered alternative defense strategies before opting for the one used at trial. *See Matylinsky v. Budge*, 577 F.3d 1083, 1091–92 (2009). Among other reasons, that is why *Elmore v. Ozmint*, 661 F.3d 783 (4th Cir. 2011), is distinguishable. Moreover, "[a]n attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense." *Harrington v. Richter*, 131 S. Ct. 770, 789–90 (2011). Applying the "doubly" deferential standard for *Strickland* claims under AEDPA review, *id.* at 788, it was not unreasonable for the state court to conclude that any further investigation by counsel would have been fruitless.

As for prejudice, "[T]he question is not . . . whether it is possible a reasonable doubt might have been established if counsel acted differently." *Id.* at 791. Rather, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Id.* at 792. "The likelihood of a different result must be substantial, not just conceivable." *Id.* Wheeler points to Dr. Glenn Larkin's post-

conviction declaration as an example of the type of evidence that could have resulted from further investigation into the cause of Bill Wheeler's death, although Dr. Larkin's declaration did not include a determination as to the proximate cause of death. The state court could reasonably have concluded that any evidence that would have resulted from further investigation would not have impeached Dr. Mark Fajardo and does not meet the very high bar for prejudice under AEDPA.

Because she has not made a "substantial showing of the denial of a constitutional right," we see no reason to expand the Certificate of Appealability to address Wheeler's uncertified claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**